JOHN C. SCHERER v. JAMES B. JUDSON AND WASHING-
TON G. WILEY.

*Mortgage—Tax deeds—Quieting title—Sufficiency of evidence.*

A debtor conveyed, under an order of the court, all of his real
and personal property to a receiver, after which the land was
sold for taxes. The purchaser mortgaged the land, and before
the foreclosure of the mortgage secured a quitclaim deed from
a party who claimed under a deed from the heirs at law of
the debtor, then deceased, and secured the purchase money by
a second mortgage. Pending a suit by an assignee to fore-
close the first mortgage, the assignee secured a deed of the
land from the receiver, after which the usual decree and
order of sale were made in the foreclosure suit, but without
prejudice to the rights of the second mortgagees. After the
sale of the mortgaged premises to the assignee, and the execu-
tion and delivery to him of the usual commissioner's deed, he
filed a bill to set aside the second mortgage, in which suit the
validity of the tax deeds was not assailed. And it is held that
the purchase by the mortgagor of the outstanding original
title could not detract from the rights of the first mortgagee
or of his assignee, and that the latter, therefore, so far as
appears from the record, obtained a perfect title to the land.

Appeal from Wayne. (Reilly, J.) Argued April 26,
1894. Decided June 2, 1894.

Bill to quiet title. Defendants appeal. Decree affirmed.
The facts are stated in the opinion.

*Walker & Walker,* for complainant.

*Parker & Burton,* for defendants.

HOOKER, J. Complainant filed the bill in this cause to
quiet his title to certain lands.

The original title was in one William Hale. The public
records show that Hale conveyed all of his estate, real
and personal, to Frederick E. Driggs, receiver, in pursu-

ance of a decree of the circuit court of the county of Wayne, in chancery, to be held subject to the further order of the court. This was done June 19, 1862. Driggs did not convey this land until 1889. In 1879, a Mrs. Wolven became the holder of tax deeds upon the property for the taxes of the years 1869, 1870, 1872, 1873, 1874, 1875, and 1876, having previously obtained deeds for the taxes of 1867 and 1868. During that year, i. e., 1879, she took possession of the premises, and cleared them. The same year she mortgaged them to one Rohns, who assigned his interest to the complainant. In 1888, Scherer filed a bill to foreclose his mortgage in the Wayne circuit court, in chancery, making Judson and Wiley, these defendants, parties. We may here notice the connection of Judson and Wiley with this land. The public record shows a deed purporting to be made by " Susan M. Hale, widow and executrix and sole devisee of William Hale, deceased, and William Hale, Jr., Frances H. Brewer, Susan L. Hale, and Mary A Hale, children, and with said Susan M. Hale sole heirs of said William Hale, deceased, to James B. Judson." This deed was dated March 16, 1880, recorded July 8, 1880, and purported to convey the premises in question. On January 11, 1881, James B. Judson quitclaimed the land to Susan M. Wolven upon the representation that he was owner of the original title, and the same day Mrs. Wolven executed a mortgage for $300—the whole amount of the purchase price—to Judson and Wiley, the defendants herein. Both instruments were duly recorded. While Scherer's foreclosure was pending, Driggs, as receiver, obtained an order from the Wayne circuit court, in chancery, under which he sold and conveyed the premises to Scherer, which deed was executed November 4, 1889. On December 4, 1889, a decree was taken, upon a hearing, foreclosing the mortgage, and ordering sale, without prejudice to the rights of Judson and Wiley under

their mortgage, and on January 18, 1890, a commissioner's deed issued to Scherer, upon purchase at the foreclosure sale. Scherer now claims that Judson and Wiley have no title to the land. They maintain that their sale to Mrs. Wolven was in good faith, with color of title, and that her mortgage to them was valid.

Whatever may have been Mrs. Wolven's title at the time she mortgaged to Rohns, it came to Scherer by the subsequent foreclosure and sale. Upon the face of this record, she had a complete and perfect title under her tax deeds, which were *prima facie* evidence of title, and are not attacked. Her subsequent purchase of an outstanding original title could not detract from the rights of Rohns or Scherer, and the latter, therefore, obtained a perfect title to the premises, so far as appears here.

The decree of the circuit court will be affirmed, with costs.

The other Justices concurred.